IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JULIE FRIEDMAN, derivatively on behalf of EXPEDIA, INC., | § § § | |
| Plaintiff Below, Appellant, | § § § | No. 442, 2014 |
| v. | § § § | |
| | § | Court Below: Court of Chancery |
| DARA KHOSROWSHAHI, BARRY DILLER, VICTOR A. KAUFMAN, A. GEORGE BATTLE, JONATHAN L. DOLGEN, CRAIG A. JACOBSON, PETER M. KERN, JOHN C. MALONE, JOSÉ A. TAZÓN, and WILLIAM R. FITZGERALD, | § § § § § § § § § | of the State of Delaware C.A. No. 9161-CB |
| Defendants Below, Appellees, | § § § | |
| and | § § | |
| EXPEDIA, INC., a Delaware Corporation, | § § § | |
| Nominal Defendant-Appellee. | § § | |

Submitted: March 4, 2015
Decided: March 6, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VAUGHN**, Justices; **RYAN** and **WALLACE**, Judges;[*] constituting the Court *en Banc*.

### **O R D E R**

This 6th day of March 2015, after hearing oral argument and upon consideration

of the record in this case, it appears to the Court that:

---

[*] Sitting by designation under Del. Const. art. IV, § 12.

1

(1) Plaintiff Julie Friedman contends that the Court of Chancery erred by dismissing her complaint. Friedman alleged that the board of Expedia, Inc., which was composed of a super-majority of independent directors, breached its fiduciary duties by issuing an option grant to the company's CEO in violation of the terms of the company's 2005 Stock and Annual Incentive Plan (the "Plan").

(2) In a well-reasoned opinion, the Court of Chancery properly found that the complaint failed to allege any violation of the Plan, because the board of directors acted on a reasonable interpretation of its written terms.[1]

(3) Moreover, to the extent that the terms were ambiguous, the Plan expressly gave the board the authority to resolve any ambiguity itself. Because the Court of Chancery also held that there were no well-pled facts supporting any basis to conclude that the independent directors violated their duties of loyalty, the Court of Chancery essentially found that the complaint did not state a claim upon which relief can be granted.

(4) But because the defendants framed their motion as one for dismissal for failure to make a demand,[2] the Court of Chancery framed its decision in those terms. We affirm the Court of Chancery's judgment, but stress the distinction between this case and a situation that is not before us. Here, the stockholder plaintiff chose to sue the directors for breach of fiduciary duty. The Chancellor's careful decision thus focused on the

---

[1] *Friedman v. Khosrowshahi*, 2014 WL 3519188 (Del. Ch. July 16, 2014).
[2] *See* Ct. Ch. R. 23.1(a) ("The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and the reasons for the plaintiff's failure to obtain the action or for not making the effort.").

2

question presented to him, *i.e.*, whether there was some basis under *Aronson v. Lewis*[3] to excuse demand. The Chancellor correctly found that on the facts of this case, neither of the two prongs of the *Aronson* test was satisfied, and correctly examined what would be necessary to hold the independent directors liable for monetary damages as part of that analysis. What was not before the Chancellor was the question of whether a stockholder plaintiff must plead demand excusal if her claim for relief is a breach of a stockholder-approved plan as a contract, and she seeks recovery under contract law. That question is one that this Court has not decided and on which Court of Chancery decisions arguably conflict.[4]

(5)     Analytically, a contract claim under such a plan could be subject to distinctive treatment for demand excusal purposes as a breach of fiduciary duty claim, because directors arguably have no discretion to violate the terms of a stockholder-adopted compensation plan whose terms cannot be amended without the stockholders' approval.

(6)     Because that question was not before the Chancellor in this case, he did not address it and neither do we. In any event, such a claim, if pled expressly, would fail on

[3] 473 A.2d 805, 814 (Del. 1984).

[4] *Compare Allen v. El Paso Pipeline GP Co.*, 90 A.3d 1097, 1108 n.6 (Del. Ch. 2014) ("[W]hen a board violates contractual limits on its authority, that decision is not a business judgment to which deferential fiduciary duty review applies, rendering demand futile under the second prong of *Aronson*. In my view, the same reasoning demonstrates that the claim is not derivative at all.") *and Ryan v. Gifford*, 918 A.2d 341, 354 (Del. Ch. 2007) (holding that demand was excused because the board lacked discretion to "contravene the terms of" stockholder-approved stock option plans) *with Pfeiffer v. Leedle*, 2013 WL 5988416, at *5 (Del. Ch. Nov. 8, 2013) ("The business judgment rule will not be rebutted, and thus demand will not be excused, when a plaintiff alleges only that a board of directors failed to follow the terms of a stock incentive plan. Such allegations pertain to the substance of the board's decision and fail to address the critical question of how the board reached the result that it did.").

the facts of this case for the same reason the Chancellor provided in connection with his Rule 23.1 analysis: Friedman's complaint does not allege facts supporting an inference that the Plan was breached.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Court of Chancery is hereby AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice